MEMORANDUM ***
Jose Bernardo Duran De Santiago appeals from the District Court’s denial of his motion to suppress evidence following *263 an investigatory stop, detention at a gasoline station, and search of his pickup vehicle. We review the denial of a motion to suppress de novo; however, the factual findings made by the trial court (in the denial of the motion) are reviewed for clear error. United States v. Howard, 447 F.3d 1257, 1262 n. 4 (9th Cir.2006) (citing United States v. Gorman, 314 F.3d 1105, 1110 (9th Cir.2002)).
“[RJeasonable suspicion exists when an officer is aware of specific, articulable facts which, when considered with objective and reasonable inferences, form a basis for particularized suspicion.” United States v. Montero-Camargo, 208 F.3d 1122, 1129 (9th Cir.2000) (emphasis in original). Under the collective knowledge doctrine, the court may look at “the collective knowledge of all of the officers involved in the criminal investigation [even though] all of the information known to the law enforcement officers involved in the investigation is not communicated to the officer who actually undertakes the challenged action.” United States v. Ramirez, 473 F.3d 1026, 1032 (9th Cir.2007) (internal quotations omitted). We conclude the law enforcement officer had reasonable suspicion to make the original investigatory stop. Id. at 1031-37.
The police may conduct a warrantless search of a vehicle, and containers within it, if the officer has probable cause to believe the vehicle contains evidence of crime. California v. Acevedo, 500 U.S. 565, 569, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991). Probable cause exists if, under the totality of the circumstances known to the officer, a prudent person would have concluded there was a fair probability that the defendant committed a crime. United States v. Carranza, 289 F.3d 634, 640 (9th Cir.2002). Coupled with the collective knowledge of the officers prior to the stop, the police found a large amount of cash in a clear baggie and two cell phones in the defendant’s pocket, which could infer that he had a connection to drug activity. Moreover, a drug dog alerted to the presence of drugs in the pickup, whose door was already open. See United States v. Garcia, 205 F.3d 1182, 1187 (9th Cir.2000). Therefore, the law enforcement officer had probable cause to search the defendant’s vehicle. Ramirez, 473 F.3d at 1031-37.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.